UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TABBATHA JOHNSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 4:18-cv-00017-SNLJ |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

The Commissioner of the Social Security Administration denied plaintiff Tabbatha Johnson's applications for Disability Insurance Benefits under Title II of the Social Security Act. Johnson now seeks judicial review. (#14). The Commissioner opposes the motion (#19), Johnson filed a reply (#20), and, being fully briefed, the issue is ripe for determination. For the reasons set forth, the Commissioner's decision is **AFFIRMED**.

I. **Procedural History**

Johnson's application was denied at the initial determination level. She then appeared before an Administrative Law Judge ("ALJ"). The ALJ found Johnson is not disabled because she can perform work that exists in substantial numbers in the national economy. Johnson then filed a request for review of the ALJ's decision with the Appeals Council of the Social Security Administration. The Appeals Council denied review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. *See* 20

C.F.R. §§ 404.981, 416.1481. Johnson now seeks review by this Court pursuant to 42 U.S.C. § 405(g).

## II. Disability Determination—Five Steps

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). First, the Commissioner considers the claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see "whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities." *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental

ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(c), 404.1520a(d), 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); 416.920(a)(3)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" (RFC) to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(5)(i), 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotations omitted); *see also* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant

3

is responsible for *providing* evidence relating to his RFC and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner. *See Bladow v. Apfel*, 205 F.3d 356, 358–59 n.5 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)( v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

### III. The ALJ's Decision

At Step One, the ALJ found Johnson met the insured status requirements through March 31, 2018, and had not engaged in substantial gainful activity since July 31, 2014, the "amended alleged onset date." (Tr. 29). At Step Two, the ALJ found Johnson suffers

4

from five severe physical impairments: (1) sickle cell anemia, (2) degenerative disc disease, (3) major depressive disorder; (4) PTSD; and (5) intellectual disability. (Tr. 29). At Step Three, the ALJ concluded Johnson does not have an impairment or combination of impairments that meets or equals one of the presumptively disabling impairments listed in the regulations. (Tr. 30).

Next, in beginning the analysis of Step Four, the ALJ determined Johnson's RFC.[1] The ALJ found that Johnson

> has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) that includes being limited to the occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; frequent reaching, handling, fingering, and feeling; avoiding all exposure to moving machinery and unprotected heights; simple, routine and repetitive tasks in an environment free of fast-paced production requirements, involving only simple, work-related decisions with few, if any, workplace changes; casual and infrequent contact with co-workers with no tandem tasks; occasional contact with supervisors; and job requirements that do not involve public interaction.

(Tr. 35). As part of this determination, the ALJ found Johnson's allegations about her symptoms' intensity, persistence, and limiting effects are not entirely consistent with the medical evidence and other evidence in the record. (Tr. 36). The ALJ noted Johnson had sought and received medical treatment for both her physical and mental symptoms through numerous and regular trips to medical providers, which established she had certain limitations as reflected in those visits; however, the ALJ concluded that, while the

---

[1] In the past, there has been some confusion as to when the RFC is determined, which affects who holds the burden of proof in establishing an appropriate RFC. In this Circuit, it has been held that "the RFC is used at both step four and five of the evaluation process, but it is determined at step four, where the burden of proof rests with the claimant." *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) (*quoting Young v. Apfel*, 221 F.3d 1065, 1069 n. 5 (8th Cir. 2000)).

5

record reflected certain limitations, such limitations were not greater than those shown in the reduced, light-work RFC assigned to Johnson. In so concluding, the ALJ gave varying weight to six different sources for Johnson's physical and mental function, while notably giving "great weight" to Dr. Armour—the only psychological consultative examiner to conduct objective psychiatric testing—who found Johnson had no limits in carrying out simple instructions, but had moderate limitations in the area of social functioning and a weakness in "processing speed on timed tasks." (Tr. 39, 41-42).

With an RFC determination in hand, the ALJ continued on through Step Four to determine whether Johnson can perform her past relevant work given her designated RFC. The ALJ determined that Johnson cannot perform any past relevant work. This determination is consistent with testimony given by the vocational expert ("VE"). (Tr. 433).

At Step Five, the ALJ analyzed whether Johnson can successfully adjust to other work. The ALJ noted that if Johnson had the RFC to perform the full range of light work—in other words, if Johnson's RFC matched perfectly with the light work Medical-Vocational Guidelines (the "Grids")—then the Grids would direct a finding of not disabled; but, additional limitations impede Johnson's ability to perform all or substantially all of the light work requirements. Thus, the ALJ relied on VE testimony to determine the extent to which these limitations erode Johnson's occupational base to perform light work. The VE testified Johnson is able to perform work as an electrical assembler, housekeeper, or mail clerk, even after considering all of the limitations in

6

Johnson's RFC. (Tr. 433-434). The ALJ then found these jobs exist in significant numbers in the national economy and concluded Johnson is not disabled. (Tr. 43-44).

## IV.  Standard of Review

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is less than a preponderance of the evidence but enough that a reasonable person would find it adequate to support the conclusion. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). This "substantial evidence test," however, is "more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (alteration in original) (*quoting Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). The Court must also consider any evidence that fairly detracts from the Commissioner's decision. *Id.* "[I]f there is substantial evidence on the record as a whole, [the Court] must affirm the administrative decision, even if the record could also have supported an opposite decision." *Weikert v. Sullivan*, 977 F.2d 1249, 1252 (8th Cir. 1992). In reviewing whether the ALJ's decision was supported by substantial evidence, this Court does not substitute its own judgment for that of the ALJ—even if different conclusions could be drawn from the evidence, and even if this Court may have reached a different outcome. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010).

## V.  Discussion

Johnson makes only one argument in her brief. She argues the ALJ's RFC finding, limiting her to "simple, routine, and repetitive tasks in an environment free of fast-past

7

production requirements involving only simple, work-related decisions with few, if any, workplace changes," does not comport with the limitations indicated by Dr. Armour—one of the medical providers relied upon by the ALJ. (#14, p. 9). In Johnson's view, "the ALJ's reasoning, articulated in the written decision, leads to a different result." (#20, p. 2). Thus, Johnson "asks this Court to consider the ALJ's reasoning, [Dr Armour's] opinion given great weight by the ALJ, and the uncontradicted evidence in the record … [which] should have produced a different RFC finding." (#20, p.3)

### A. The ALJ's Decision is Supported by Substantial Evidence and Encompasses the Views of the Medical Providers the ALJ Relied Upon

It is not altogether clear what Johnson is arguing, though she appears to take issue with the fact the ALJ added a pacing restriction ("free of fast-paced production requirements") and social restrictions ("few, if any, workplace changes; casual and infrequent contact with co-workers; occasional contact with supervisors; and job requirements that do not involve public interaction") to Johnson's light-work RFC. (#14, p. 9). Johnson seeks a different RFC, but this Court cannot determine what that RFC might be—Johnson does not say. As best as can be understood, Johnson disputes the fact the ALJ gave her *additional* restrictions above those articulated by Dr. Armour. To the extent Johnson is asking this Court to second-guess the ALJ's ultimate decision based on its own assessment of the evidence, the Court declines to do so. *See McNamara*, 590 F.3d at 610 ("if substantial evidence supports the decision, [the court] may not reverse, even if inconsistent conclusions may be drawn from the evidence").

Johnson's position is somewhat elucidated by the cases she relies upon, citing *Fiala v. Berryhill*, 2017 WL 976933 (E.D.Mo. Mar. 13, 2017), *Green v. Colvin*, 2015 WL 4232759 (E.D. Mo. Jul. 13, 2015), and *Coley v. Colvi*n, 2015 WL 1178631 (E.D. Mo. Mar. 13, 2015). All three cases reversed the ALJ's decision, with the commonality between them being that the ALJ failed to buttress each conclusion reached as to a claimant's RFC with specific, supporting medical evidence. *See Fiala*, 2017 WL 976933 at *16 ("the ALJ engaged in no discussion or analysis of any evidence as relates to Fiala's RFC … the ALJ's RFC assessment must discuss and describe how the evidence supports each conclusion"); *Green*, 2015 WL 4232759 at *14 ("An AJ's RFC assessment must discuss and describe how the evidence supports each conclusion … the ALJ failed to engage in this process here … the ALJ's RFC analysis shows it to consist only of discrediting Plaintiff's subjective complaints as well as a recitation of what the medical evidence did not show"); *Coley*, 2015 WL 1178631 at *14 ("a review of the ALJ's decision shows the RFC assessment to consist of nothing more than the ALJ's recitation of evidence that served to discredit plaintiff's subjective complaints and the opinion evidence from Dr. Boehmer. The ALJ engaged in no discussion or analysis of the evidence … as relates to plaintiff's RFC").

These cases are not well taken here. First, Johnson incorrectly narrows her focus to a single medical provider when suggesting the "clinical observations made by Dr. Armour do not support the RFC." (#20, p. 2). The ALJ was under no compulsion to rely solely on Dr. Armour. *Hensley*, 829 F.3d at 932 (8th Cir. 2016) ("there is no requirement that an RFC finding be supported by a specific medical opinion"). Second, the ALJ's

9

conclusions as to pacing and social restrictions are clearly supported *elsewhere* in the record that was relied upon. (Tr. 448-449, 759-760, 1387-1388). Finally, the ALJ's conclusions are, in fact, "encompassed" by Dr. Armour's findings, which is all that is necessary. *Winn v. Commissioner*, 894 F.3d 982, 987 (8th Cir. 2018) (ALJ's RFC limitation conclusion that claimant could "frequently handle, finger, and feel"—rather than claimant's desired "occasionally handle, finger, and feel" limitation—was sufficiently encompassed by credited medical provider's finding that claimant would have "manipulative limitations"). Indeed, in his Medical Source Statement, Dr. Armour clearly indicates a moderate social impairment, prompting the ALJ to address that concern through an additional restriction. (Tr. 35, 41-42, 1443). Dr. Armour indicates this impairment elsewhere in the record as well. (Tr. 1437-1438). Moreover, Dr. Armour mentions Johnson's "weaker areas came on measures of her … processing speed on timed tasks" that, again, prompted the ALJ to address such concern through an additional restriction. (Tr. 35, 39, 1435).

This case is simply not like those cited-to by Johnson. At minimum, the record makes clear Dr. Armour believed, from a mental perspective, that Johnson could accomplish simple tasks—exactly the RFC given to Johnson. (Tr. 35, 41-42, 1442). To the extent Johnson is arguing the ALJ then gave her *additional restrictions* that were unsupported by the evidence (as if to give her the benefit of the doubt), such criticisms are insufficient to overturn the ALJ's decision—and, regardless, these restrictions *were* supported here for the reasons already stated. *See, e.g., Derryberry v. Berryhill*, 2017 WL 1194458 at *8 (E.D. Mo. Mar. 30, 2017) (affirming ALJ decision who, in giving claimant

the benefit of the doubt, included an RFC limitation for simple, routine, and repetitive tasks to account for claimant's migraines despite lack of supporting objective medical evidence) ; *Lee v. Berryhill*, 2018 WL 793595 at *5 (D. Me. Feb. 8, 2018) ("[i]n circumstances in which an ALJ supportably rejects a treating physician opinion but otherwise gives the claimant the benefit of the doubt by adopting an RFC more favorable to the claimant than those set forth in expert opinions on which the ALJ otherwise could have relied, remand is unwarranted"). Put simply, whether or not this Court may have come to the same conclusion as the ALJ, it appears clear the ALJ's chosen RFC was based on substantial evidence from the record—he was not required, as urged by Johnson, to completely mirror Dr. Armour's medical findings. *See Boyd*, 831F.3d at 1020 (8th Cir. 2016) (an RFC determination, while it must be based on "all relevant evidence" to include "the medical records [and] observations of treating physicians," is nonetheless an "administrative assessment" to be decided by the ALJ, not a physician); *Hensley*, 829 F.3d at 932 (8th Cir. 2016).

## VI. Conclusion

This Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. It does not substitute its own judgment for that of the ALJ. *McNamara*, 590 F.3d at 610. Having found the ALJ's conclusions were supported by substantial evidence and that legal standards were correctly applied, this Court affirms the ALJ's decision.

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's decision is **AFFIRMED**, and plaintiff's complaint (#1) is **DISMISSED with prejudice**. A separate judgment will accompany this Order.

So ordered this 12th day of September 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE